FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JUL 24 2015 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
──────────────────────────────X

DEREK BARNETT,

         Plaintiff,

- against -

ASSISTANT DISTRICT ATTORNEY SARA
KURTZBERG, and ASSISTANT DISTRICT
ATTORNEY LINDSAY ASHWAL,

         Defendants.
──────────────────────────────X

MEMORANDUM
AND ORDER
15-CV-1233 (ENV)

VITALIANO, D.J.

    Plaintiff, then-incarcerated at the Anna M. Kross Center on Rikers Island, commenced this *pro se* action in the United States District Court for the Southern District of New York, pursuant to 42 U.S.C. § 1983, alleging that defendants Sara Kurtzberg and Lindsay Ashwal, both assistant district attorneys ("ADAs"), violated his constitutional rights during his criminal prosecution in Supreme Court, Kings County, on indictment number 03533-2012. By order dated March 9, 2015, the action was transferred to this forum.[1] For the reasons that follow, the complaint is dismissed for failure to state a claim on which relief may be granted.

---

[1] Prior to transfer, by order dated February 18, 2105, plaintiff's request to proceed *in*

1

## Background

Barnett alleges that defendants committed constitutional violations against him during the course of his trial in December 2014, precipitating a mistrial. (ECF No. 2 at 8, 15).[2] Specifically, Barnett contends that actions of the prosecutors violated his rights under the Fifth, Sixth, Eighth and Fourteenth Amendments. (ECF No. 2 at 8,11). At the core of his complaint are allegations that, on December 16, 2014, during a lunch break between closing arguments, he shared an elevator at the courthouse with his brother and the two ADAs, but did not talk to them. (*Id.* at 9, 15,17). After the lunch break, Kurtzberg and Ashwal told the trial judge that Barnett had threatened their lives in the elevator. As a consequence of these allegedly false representations to the court, the judge declared a mistrial and remanded Barnett to the custody of the Department of Correction, where he remained detained, including on the date the complaint was filed. (*Id.* at 10, 15, 18). Barnett's pre-trial detention caused him to lose his job and be subjected to "barbaric prison conditions." (*Id.* at 11). According to the Department of Correction Inmate Database, Barnett was released from detention on April 1,

---

*forma pauperis*, pursuant to 28 U.S.C. § 1915, was granted.

[2] For purposes of this motion, the facts are drawn from the complaint and are deemed true. The Court will refer to the Complaint and the documents annexed to it collectively as the "complaint." *See Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004) ("A complaint is deemed to include any written instrument attached to it as an exhibit." (citing Fed. R. Civ. P. 10(c))). For ease of reference the Court refers to the electronic case filing (ECF) page numbers.

2015, and has provided the Court with a Pennsylvania mailing address. (ECF No. 8).

## Standard of Review

The Prison Litigation Reform Act of 1996 ("PLRA") and the statute permitting certain plaintiffs to proceed *in forma pauperis* require that a district court dismiss a complaint filed by a prisoner *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B). PLRA specifically mandates that the court "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A.

In performing the mandated review, a Court must still be mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). Indeed, a court must construe *pro se* complaints "to raise the strongest arguments that they suggest." *Gerstenbluth v. Credit Suisse Securities (USA) LLC*, 728 F.3d 139,

142-43 (2d Cir. 2013). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court construing the pleading must grant leave to amend the complaint." *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

This liberal standard of review, nevertheless, does not relieve the pleader of its obligation to plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678; *accord Wilson v. Merrill Lynch & Co.*, 671 F.3d 120, 128 (2d Cir. 2011). While "detailed factual allegations are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Discussion

Since Barnett brings this action pursuant to 42 U.S.C. § 1983, to maintain that claim, he must allege that (1) "the conduct complained of must

4

have been committed by a person acting under color of state law," and (2) "the conduct complained of must have deprived [him] of rights, privileges or immunities secured by the Constitution or laws of the United States." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994).

Plaintiff names two state prosecutors as defendants: Sara Kurtzberg and Lindsay Ashwal, both in their individual and official capacities. However, both defendants are clearly, entitled to absolute immunity. To the extent that Barnett seeks damages based on actions they took in their official capacities prosecuting him, they are immune from suit because the Eleventh Amendment bars such claims for monetary damages against state officials. *See, e.g., Ying Jing Gan v. City of New York*, 996 F.2d 522, 529-30 (2d Cir. 1993); *Baez v. Hennessy*, 853 F.2d 73, 77 (2d Cir. 1988) ("When prosecuting a criminal matter, a district attorney in New York State, acting in a quasi-judicial capacity, represents the State not the county."); *accord Bail v. Ramirez*, 2007 WL 959045, at *4 (S.D.N.Y. Mar. 29, 2007) ("Moreover, Eleventh Amendment immunity extends to state officials acting in their official capacities, including assistant district attorneys.").

Similarly, to the extent Barnett sues defendants for damages in their individual capacities, they are entitled to absolute immunity for actions closely related to or undertaken in furtherance of plaintiff's prosecution. Indeed,

"[i]t is well established that a sate prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution is immune from a civil suit for damages under § 1983." *Shmueli v. City of New York*, 424 F.3d 231, 236 (2d Cir. 2005) ("A prosecutor is ... entitled to absolute immunity despite allegations of his 'knowing use of perjured testimony' and the 'deliberate withholding of exculpatory information.' Although such conduct would be 'reprehensible,' it does not make the prosecutor amenable to civil suit for damages.") (internal quotations omitted); *see also Peay v. Ajello*, 470 F.3d. 65, 67 (2d Cir. 2006).

Simply, it is well settled that prosecutors enjoy absolute immunity from liability for acts "intimately associated with the judicial phase of the criminal process," *Imbler v. Pachtman*, 424 U.S. 409, 430, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), but not for "those aspects of the prosecutor's responsibility that cast him in the role of an administrator or investigative officer rather than that of advocate." *Imbler*, 424 U.S. at 430-1. The doctrine's nature is such that it "accords protection from ... any judicial scrutiny of the motive for and reasonableness of official action," *Shmueli*, 424 F.3d at 237 (quoting *Robinson v. Via*, 821 F.2d 913, 918 (2d Cir. 1987)), even where the challenged conduct was motivated by wrongful motive or even malice. *Bernard v. County of Suffolk*, 356 F.3d 495, 503 (2d Cir. 2004) (citing *Cleavinger v. Saxner*, 474 U.S.

193, 199-200, 106 S.Ct. 496, 88 L.Ed.2d 517 (1985)). Thus, "[p]rosecutorial immunity from § 1983 liability is broadly defined, covering virtually all acts, regardless of motivation, associated with [the prosecutor's] function as an advocate." *Hill v. City of New York*, 45 F.3d 653, 661 (2d Cir. 1995) (quotation marks and brackets omitted). Specifically, immunity extends to deciding which offenses to charge, initiating a prosecution, presenting a case at trial, and evaluating and organizing evidence for presentation at trial or to a grand jury. *Id.* Absolute immunity for prosecutorial acts can be defeated only if the prosecutor is alleged to have acted in the complete absence of jurisdiction, or, in other words, when the prosecutor acts without any colorable claim of authority. *Shmueli*, 424 F.3d at 237.

The charge Barnett asserts against defendants strikes at the very heart of their role as prosecutors. He targets their conduct in the courtroom and, more precisely, the words they spoke to the trial judge. Clearly, the conduct aggrieving him was in the course of presenting the case at trial and defendants' reveleation to the judge that they felt threatened by Barnett in the things he did or said in the courthouse elevator during the trial. Even if they had an improper motive in reporting the threat, absolute immunity "accords protection from . . . any judicial scrutiny of the motive for and reasonableness of official action" since the challenged act occurred during Barnett's trial.

7

*Shmueli*, 424 F.3d at 237. That the trial court, indisputably, acted on the information it was given by the prosecutors underscored the judicial nature of defendants' conduct. These prosecutorial actions, consequently, are immune from suit for damages. As a result, the complaint against defendants must be dismissed pursuant to 28 U.S.C. §1915A(b)(2) and 28 U.S.C. § 1915(e)(2)(B)(iii).

To the extent that Barnett's complaint might be viewed as a challenge to the state's authority to prosecute him and a request that the Court inject itself in the state criminal process, the Court must abstain. *See Younger v. Harris*, 401 U.S. 37, 43-45 (1971) (holding that, in general, federal courts should refrain from enjoining or otherwise interfering in ongoing state proceedings); *Shelley v. Gulotta*, No. 09-CV-4883, 2010 WL 309011, at *1-2 (E.D.N.Y. Jan. 26, 2010) (applying Younger abstention because "there is an ongoing state criminal prosecution against [p]laintiff" and "that state proceeding implicates New York State's important interest in enforcing its own criminal law," noting that "[p]laintiff will have adequate opportunity for judicial review of his federal constitutional claims in state court").

## Conclusion

In line with the foregoing, the Court finds that defendants are not properly subject to suit for damages under § 1983. This action is dismissed

*sua sponte*, pursuant to 28 U.S.C. § 1915A(b)(2) and 28 U.S.C. §§ 1915(e)(2)(B)(ii). Since there is no hope of stating a valid claim, *see Cuoco v. Moritsugu*, 222 F.3d at 112, the dismissal is with prejudice and without leave to amend.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is further directed to enter judgment for defendants, and to close this case.

s/Eric N. Vitaliano

Eric N. Vitaliano
United States District Judge

Dated:  Brooklyn, New York
        July 14, 2015